# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF IOWA
### DAVENPORT DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, in its capacity as Trustee for (i) FHA Project Loan Certificates Series Pool 2026, and (ii) FHA Project Loan Certificates Series Pool 2025, | ) ) ) ) ) ) | CIVIL NO. 3:11-CV-00030-CRW-TJS |
| Plaintiff, | ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| WHITEHALL FUNDING, INC. and THOMAS JAGER, | ) ) ) ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned United States magistrate judge submits this Report and Recommendation to United States District Judge Charles R. Wolle.

An order was filed on August 11, 2011 (Clerk's No. 22), requiring Defendant Whitehall Funding, Inc. to have new counsel enter an appearance on its behalf on or before September 2, 2011. In that same order, Defendant Thomas Jager was ordered to either have new counsel enter an appearance on his behalf, or for him to advise the Court that he would be proceeding pro se, also by September 2, 2011.

Neither Whitehall Funding, Inc. nor Thomas Jager have complied with the Court's order of August 11, 2011.

In that order, this magistrate judge advised the defendants that a failure to comply with the order would result in the filing of a Report and Recommendation that default be entered against defendants for their failure to comply with an order of Court.

IT IS THEREFORE RECOMMENDED that default be entered against Whitehall Funding, Inc. and Thomas Jager, individually and collectively, and that this matter be scheduled for a hearing on the issue of damages.

The parties have to and including **September 27, 2011**, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Such extensions will be freely granted. Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

        Respectfully submitted,

Date:   September 7, 2011

        _____
        THOMAS J. SHIELDS
        CHIEF U.S. MAGISTRATE JUDGE